1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2
3  MARK L. KROTOSKI (CSBN 138549)
   Chief, Criminal Division
4  TIMOTHY J. LUCEY (CSBN 172332)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 11th Floor
6      San Francisco, California 94102
       Telephone: (415) 436-7152
7      Facsimile: (415) 436-7234
8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11             SAN FRANCISCO DIVISION

12 UNITED STATES OF AMERICA,        )  No. CR 06 - 0734 VRW
                                    )
13      Plaintiff,                  )  STIPULATION AND [PROPOSED]
                                    )  PROTECTIVE ORDER REGARDING
14      v.                          )  PRODUCTION OF CONFIDENTIAL
                                    )  DISCOVERY
15 GABRIEL BARRAGAN, et al.,        )
                                    )
16      Defendants.                 )
17 _____ )

18

19      Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys

20 of record, hereby stipulate as follows:

21      1. A federal grand jury has indicted defendants for conspiracy to possess with intent to

22 manufacture, distribute and dispense marijuana in violation of Title 21, United States Code,

23 Section 846.

24      2. The investigation from which the present second superseding indictment emanated

25 includes evidence relating to certain civilian witnesses. To date, the government has not

26 produced unredacted portions of reports prepared by state and federal law enforcement

27 authorities because the government believed that disclosure of the identities would jeopardize the

28 safety of those individuals.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY

3. The government believes that the proposed protective order is necessary to prevent the redacted portions of the discovery (and any other related discovery materials that may be produced in the future) from being disseminated among members of the public and the defendants in this case, as well as their associates and family members. Although the documents to be produced will not include the names of the individuals, the government believes it is very likely that defendants will be able to determine his/her identity from the context of the documents. The government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm the confidential informant and/or the informant's family.

4. Defendants and their counsel deny that any person would be endangered by defendants' possession of any discovery material in this matter. The parties agree that no inference should be drawn about defendants' dangerousness because of their agreement to enter into this stipulation.

5. The parties agree that the following conditions, if ordered by the Court pursuant to Federal Rule of Criminal Procedure 16(d)(1), should serve the government's interest in protecting the civilian witnesses and other members of the community and reducing the risk of retribution taken against the civilian witnesses and/or their families by precluding the circulation of any discovery marked with the stamp "CONFIDENTIAL" throughout the prison system and the community, while permitting the defense to obtain the relevant portions of the discovery relating to these certain civilian witnesses in order to evaluate the evidence in the matter and prepare any motions in advance of trial in this case. Accordingly, the parties jointly request that the Court order as follows:

    a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record (including paralegals and staff) and any partners or associates of the counsel of record for the each of the subject defendants; and (2) defense investigators assisting those counsel with this case. Each member of the defense team must provide the government with a letter indicating that they have read this stipulation and agree to be bound by its terms. For purposes of this Order, the term "defense team" does not include defendants.

    b. The government is authorized to provide each defense team with additional

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY    2

documents marked with "CONFIDENTIAL" in this case (and any other related materials that the government may produce in the future) and may, in its discretion, designate any discovery produced as "CONFIDENTIAL" (referred to hereinafter as "Confidential Discovery") to be governed by the terms of this protective order.  The government may designate discoverable documents, items, and materials relating to confidential sources or other individuals who would be in danger if their identities were known, by marking such discovery as "CONFIDENTIAL". THE PARTIES AGREE THAT ANY UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT.

  c. The defense teams shall not permit anyone, <u>including defendants</u>, to have physical possession of Confidential Discovery pursuant to this Order other than the defense teams.

  d. A defense team shall not divulge or otherwise disseminate the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant it represents.  A defense team member may show Confidential Discovery to the individual defendant it represents in the physical presence of a defense team member but may not permit that defendant to have physical possession of the Confidential Discovery.  The information contained on the Confidential Disco very shall be used and/or utilized only for the purpose of this litigation.

  e. The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal presence.  The defense team may take Confidential Discovery into a custodial facility to show it to the individual defendant it represents but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

  f. The defense team shall not reproduce or photocopy the Confidential Discovery unless that copy or reproduction is to be included in a court filing.  In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.  Defendants may not be provided with a copy of such a filing.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY   3

g.  Each defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after the following event: dismissal of all charges against defendant; defendant's acquittal by court or jury; filing of a notice of appeal from conviction and/or sentence; or the conclusion of any direct appeal, whichever occurs latest in time.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

h.  In the event that a defendant's counsel believes that a document or other item of discovery identified by the government as Confidential Discovery covered by this protective order needs to be retained or possessed by defendant himself or herself, defendant's counsel shall first meet and confer with the government in an effort to reach a stipulation and proposed order to exempt the item or document from the protective order.  If the government and a defendant's counsel are unable to reach such an agreement then defendant's counsel may apply to this Court for relief from the protective order as to the document or item of discovery at issue.  This procedure is not intended to alter in any way the otherwise applicable law relating to the showing that must be made by any party seeking a protective order or relief therefrom.

i.  After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case ("this case"), the government will maintain a copy of all Confidential Discovery produced in this case.  The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the government may destroy the documents.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY                4

IT IS SO STIPULATED.

Dated: June 8, 2007          Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
TIMOTHY J. LUCEY
Assistant United States Attorney

WEINBERG & WILDER


Dated: June 8, 2007          _____/s/_____
NINA WILDER, ESQ.
Attorney for Defendant
MARIO BARRAGAN



LAW OFFICES OF GILBERT EISENBERG


Dated: June 8, 2007          _____/s/_____
GIL EISENBERG, ESQ.
Attorney for Defendant
CHRISTIAN BARRAGAN



LAW OFFICES OF RICHARD B. MAZER


Dated: June 8, 2007          _____/s/_____
RICHARD B. MAZER, ESQ.
Attorney for Defendant
GABRIEL BARRAGAN




BARRY F. PORTMAN
Federal Public Defender

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY          5

Dated:  June 8, 2007                  _____/s/_____
                                      SHAWN HALBERT
                                      Assistant Federal Public Defender for Defendant
                                      HUGO BARRAGAN


### [~~PROPOSED~~] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery.  The parties are hereby ordered to comply with the conditions set forth in paragraphs 5(a)-(i) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

**IT IS SO ORDERED.**

Dated:  6/19/2007                     _____
                                      HONORABLE VAUGHN R. WALKER
                                      United States District Judge



STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY             6